UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

| | |
|---|---|
| RICHARD SANCRUZADO, individually and on behalf of all others similarly situated, | CLASS ACTION |
| | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | |
| AMSCOT CORPORATION d/b/a AMSCOT AND AMSCOT FINANCIAL, | |
| Defendant. | |
| _____/ | |

**CLASS ACTION COMPLAINT**

Plaintiff Richard Sancruzado bring this class action against Defendant Amscot Corporation d/b/a Amscot and Amscot Financial, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. Defendant utilizes prerecorded voice calls to collect debts. It places calls to consumers' cellular phone numbers without consent, and even after being notified that it is calling the wrong number, as was the case with Plaintiff.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the

1

daily life of thousands of Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6. Defendant is subject to general personal jurisdiction in Florida because it is incorporated and headquartered in Florida.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a citizen and resident of Miami-Dade County, Florida.

9. Defendant is a Florida corporation whose principal office is located in Tampa, Florida.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and vendors of Defendant.

## FACTS

11. On or about September 29, 2023, October 1, 2023, October 2, 2023, October 3, 2023, October 4, 2023, October 5, 2023, and October 6, 2023, Plaintiff received prerecorded voice calls on his cellular telephone number from Defendant. Each prerecorded voice call similarly requested for Plaintiff to call Defendant at 305-508-9399, a telephone number owned and operated by Defendant, and associated with one of Defendant's branch locations.

12. On at least September 28, 2023 and October 7, 2023, Plaintiff spoke with an employee of Defendant and notified them that they were calling the wrong person.

13. Plaintiff is the subscriber and sole user of the cellular telephone number that received Defendant's prerecorded voice calls.

14. Plaintiff is not, nor was, Defendant's customer.

15. Plaintiff does not, nor did, have any business relationship with Defendant.

16. Plaintiff does not, nor did, have any account with Defendant.

17. Plaintiff did not provide his cellular telephone number to Defendant.

18. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number using an artificial or prerecorded voice.

19. At no point in time did Plaintiff provide Defendant with any type of consent to be contacted by prerecorded voice.

20. Given Defendant's routine use of prerecorded voice calls, Plaintiff is informed and believes that Defendant placed at least 50 prerecorded voice calls to as many individuals who had not consented during the four years prior to the filing of this Complaint.

21. Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

23. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, at least one call (2) directed to a number assigned to a cellular telephone service, by (3) using an artificial or prerecorded voice, (4) where the called party did not have an account or debt with and/or serviced by Defendant**.

24. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

26. Upon information and belief, Defendant has sent prerecorded voice calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their

prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

28. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a. Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an artificial voice or prerecorded voice;

   b. Whether Defendant made non-emergency calls to wrong or reassigned telephone numbers;

   c. Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

   d. Whether Defendant's conduct was knowing and willful;

   e. Whether Defendant is liable for damages, and the amount of such damages; and

   f. Whether Defendant should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely transmits prerecorded calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

30. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)
**(On Behalf of Plaintiff and the Class)**

34.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

35.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

36.     Defendant placed prerecorded voice calls to the cellular telephones of Plaintiff and the Class members.

37.     Defendant did not have prior express consent to call the cellular telephones of Plaintiff and the Class members.

38.     Defendant, therefore, violated §§ 227(b)(1)(A)(iii) by using prerecorded voice calls to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

39.     Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded voice calls. The violations were therefore willful or knowing.

40.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, call logs, transmission logs, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant or its vendors/agents to assist in sending the alleged communications.

Dated: October 24, 2023

                    Respectfully submitted,

                    **HIRALDO P.A.**

                    */s/ Manuel S. Hiraldo*
                    Manuel S. Hiraldo, Esq.
                    Florida Bar No. 030380
                    401 E. Las Olas Boulevard
                    Suite 1400
                    Ft. Lauderdale, Florida 33301
                    Email: mhiraldo@hiraldolaw.com
                    Telephone: 954.400.4713

                    **LAW OFFICES OF JIBRAEL S. HINDI**

                    */s/ Jibrael S. Hindi*
                    Jibrael S. Hindi, Esq.
                    Florida Bar No. 118259
                    110 SE 6th Street
                    Suite 1744
                    Ft. Lauderdale, Florida 33301